UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Wade A. Thalberg,

        Plaintiff,

  vs.                              REPORT AND RECOMMENDATION

Michael J. Astrue,
Commissioner of Social
Security,[1]

        Defendant.         Civ. No. 05-2950 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Petition for an award of attorney's fees under the provisions of the Equal Access to Justice Act ("EAJA"). See, Title 28 U.S.C. §2412. For these purposes, the Plaintiff has appeared by John H. Burns, Esq., and the Commissioner has appeared by Lonnie F. Bryan, Assistant United States

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security, and pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, we have substituted him as the named Defendant.

Attorney. For reasons which follow, we recommend an award of attorney's fees, under the EAJA, in the amount of $4,200.00.

## II. Factual and Procedural History

The Plaintiff applied for DIB on June 20, 2003, at which time, he alleged that he had become disabled on May 21, 2002. His application was denied initially, and the Plaintiff exhausted all available administrative remedies, prior to having an Administrative Hearing on March 22, 2005. In a decision dated June 23, 2005, an Administrative Law Judge ("ALJ") found that the Plaintiff was not disabled because, despite his impairments, he could perform a significant number of jobs in the relevant economy. The Appeals Council declined to review the ALJ's determination further, and therefore, the ALJ's decision became the final decision of the Commissioner. See, Grissom v. Barnhart, 416 F.3d 834, 836 (8th Cir. 2005); Steahr v. Apfel, 151 F.3d 1124, 1125 (8th Cir. 1998); Johnson v. Chater, 108 F.3d 942, 943-44 (8th Cir. 1997); 20 C.F.R. §416.1481.

Thereafter, this action was commenced in order to seek a judicial review of the Commissioner's final decision. After cross-Motions for Summary Judgment were filed, we issued a Report on January 29, 2007, which recommended that the decision of the Commissioner be reversed, and that the matter be remanded to the

Commissioner for further administrative action. By Order dated February 20, 2007, the District Court, the Honorable James M. Rosenbaum, Chief Judge, presiding, adopted our Recommendation, and Judgment was entered on February 21, 2007. See, Shalala v. Schaefer, 509 U.S. 202 (1993). The reversal and remand were predicated on our determination that the ALJ had failed to fully develop the Record.

On March 30, 2007, the Plaintiff timely filed his Petition for an award of attorney's fees.[2] In his Application, the Plaintiff seeks attorneys' fees in the amount

---

[2]Title 28 U.S.C. §2412(d)(1)(B) provides, in pertinent part, as follows:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive award under this sub-section * * *.

An Equal Access to Justice Act ("EAJA") application may be filed "until 30 days after a judgment becomes 'not appealable' -- i.e., 30 days after the time for appeal has ended." Shalala v. Schaefer, supra at 302, citing Title 28 U.S.C. §2412(d)(2)(G). Therefore, the EAJA's 30-day time limit runs from the end of the 60-day period for appeal, not from the beginning. Id.; see also, Rule 4(a), Federal Rules of Appellate Procedure.

There is no question as to the timeliness of the Application, since the Plaintiff's filing occurred well within the applicable period. Title 28 U.S.C. §2412(d)(1)(B). Moreover, the Plaintiff sought and obtained a reversal and remand pursuant to Sentence Four of Title 42 U.S.C. §405(g), thereby qualifying as a "prevailing party." Shalala v. Schaefer, supra at 2631; Melkonyan v. Sullivan, 501 U.S. 89 (1991); Mills
(continued...)

of $4,725.00, for 35.5 hours at $125.00 per hour, for work related to counsel's representation of the Plaintiff in this Court.[3]

III. Discussion

A. Standard of Review. The EAJA empowers a Court to award attorney's fees to a party who has prevailed in proceedings that involve a judicial review of a decision of a Federal Agency, unless the Court finds that the position of the Agency

---

(...continued)
v. Sullivan, 782 F. Supp. 1347, 1348-49 (W.D. Mo. 1992).

While the Plaintiff's original Application did not document the Plaintiff's financial eligibility for an EAJA award by an Affidavit, or other showing, that he had a net worth, at the time of the filing of the action, of less than $2,000,000.00, see, Title 28 U.S.C. §2412(d) (2)(B), he has subsequently filed such an Affidavit, in which he affirms that he has a net worth of less than $100,000.00. See, Plaintiff's Response, Docket No. 19, at p. 3. Although in United States v. Hopkins Dodge Sales, Inc., 707 F. Supp. 1078 (D. Minn. 1989), the Court held that such a showing of financial eligibility is a jurisdictional prerequisite for an EAJA award, there, the plaintiff failed to allege in his application that he was an eligible party. In contrast, the Plaintiff, here, made a timely filing that established his status as a prevailing party, and he has subsequently submitted an Affidavit that his net worth does not exceed the statutory limits. Therefore, we fnd that we may exercise jurisdiction over his claim. See also, United States v. True, 250 F.3d 410, 421 (6th Cir. 2001); Singleton v. Apfel, 231 F.3d 853, 858 (11th Cir. 2000)(per curium); Bazalo v. West, 150 F.3d 1380, 1383-84 (Fed. Cir. 1998); Dunn v. United States, 775 F.2d 99, 104 (3d Cir. 1985).

[3]Although the Plaintiff suggests that he worked 35.5 hours, our independent check of his addition found that he had, in fact, shortchanged himself, and arrived at a total of 35.8 hours worked.

was "substantially justified," or that special circumstances would make an award unjust.  See, Title 28 U.S.C. §2412(d)(1)(A).  The EAJA is a fee-shifting statute applicable to Social Security cases, see, Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994), and constitutes a limited waiver of sovereign immunity which must be narrowly construed in favor of the Federal Government.  See, Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 887 (8th Cir. 1995), citing Ardestani v. Immigration and Naturalization Serv., 502 U.S. 129, 135-37 (1991).

"Substantial justification" is determined on the basis of the Record in the civil action for which the fees are being sought, Title 28 U.S.C. §2412(d)(1)(B), and includes the agency action, or failure to act, upon which the civil action was based. Title 28 U.S.C. §2412(d)(2)(D); see also, Foley Construction Co. v. United States Army Corps of Engineers, 716 F.2d 1202, 1204 (8th Cir. 1983).  The substantial justification standard is not the legal equivalent of the substantial evidence test, which is applicable in a judicial review of the Commissioner's final decision.  A "substantially justified" position is one that is "clearly reasonable, well-founded in law and fact, and solid, even if it is not necessarily correct." Friends of Boundary Waters Wilderness v. Thomas, supra at 885, quoting SEC v. Kluesner, 834 F.2d 1438, 1440 (8th Cir. 1987); see also, Herman v. Schwent, 177 F.3d 1063, 1065 (8th Cir.

1999)("The Government proves its position was substantially justified by showing the position was '"justified in substance or in the main" -- that is, justified to a degree that could satisfy a reasonable person.'"); SEC v. Zahareas, 374 F.3d 624, 626 (8th Cir. 2004)(same).

In contrast, substantial evidence is a more quantitative measure. It is evidence, in the Record as a whole, which a reasonable mind would accept as adequate to support a conclusion. See, Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir. 1996). These differing evidentiary standards make it possible for the Commissioner to lose on the merits of the disability issue, and yet win on the application for an EAJA award. See, Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991). Ultimately, the Commissioner bears the burden of proving that his position was substantially justified. See, Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 586 (8th Cir. 1996); Wheat v. Heckler, 763 F.2d 1025, 1028-29 (8th Cir. 1985).

    B.    Legal Analysis.

        1.    Substantial Justification. After an independent review of the Commissioner's position, we conclude that he has not sustained his burden of demonstrating that his position, which was rejected by the District Court, was substantially justified. Upon our careful review of the Commissioner's final decision

to deny the Plaintiff benefits, we extensively detailed the errors of law, which were committed by the ALJ, and we recommended that the matter be remanded for further administrative proceedings. While not dispositive of the issue, we note that the Commissioner did not file objections to our Report and Recommendation, see, <u>Docket No. 14</u>, and that, following a <u>de novo</u> review, the District Court affirmed the Report and Recommendation in all respects, and no appeal from the District Court's Judgment was filed.

A detailed recitation of the ALJ's errors would be duplicative of our prior Report and, therefore, for these purposes, we briefly highlight the bases for our previous recommendation of a remand. Specifically, we found that the ALJ improperly failed to develop the Record as to the issue of whether the Plaintiff suffered from a mental disability which effectively incapacitated him from substantial gainful activity, or whether he had a "hidden agenda," or "maintained a sick role for financial reasons." We noted that such a determination, in the form of a competent RFC, was crucial to an award of DIB. We further observed that, although the ALJ placed significant weight on the opinions of the Agency consultants, their reports were devoid of any critical assessment of the discrepancies in the Record, and were silent on appraising the facially contradictory psychological test results. As a result, we

concluded that, where a critical issue has gone undeveloped, the Courts have directed the Commissioner to fill that gap with competent evidence. See, Snead v. Barnhart, 360 F.3d 834, 839 (8th Cir. 2004), citing Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995), for the proposition that a "reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial."[4]

  The Government argues, however, that its position was substantially justified because the Commissioner reasonably relied upon the ALJ's development of the Record -- a reliance that was justifiably based upon the opinions of the Agency experts, as well as on the Plaintiff's subjective complaints. See, Docket No. 18, at pp. 6-8. We reject, however, such a contention, as the appropriate standard, under Title 28 U.S.C. §2412(d)(1)(A), is whether the "position of the United States" was substantially justified, and not whether the Plaintiff's claim of entitlement to benefits was justified, at least to some extent, however marginal. See, Lauer v. Barnhart, 321 F.3d 762 (8th Cir. 2003)(discussing proper standard for determining eligibility for attorney's fees under the EAJA).

---

[4]As we found that a remand was warranted, on the basis of the ALJ's failure to develop the Record, we declined to specifically address the Plaintiff's other contentions which, he claimed, required a remand.

In light of the abundant errors, which fatally undermined the ALJ's findings and conclusions, the Commissioner's position, in opposing a remand, may not be responsibly considered as substantially justified under the prevailing law. His support of a determination by an ALJ, who had failed to properly develop the Record, cannot be said to be substantially justified. See, Richardson v. Parales, 402 U.S. 398, 410 (1971)(ALJ has affirmative duty to develop the Record); Gowen v. Bowen, 855 F.2d 613, 616 (8th Cir. 1988)(awarding fees under EAJA because the ALJ disregarded the "overwhelming evidence in the record," which included the opinions of the plaintiff's treating medical sources); Fraction v. Bowen, 859 F.2d 574, 575 (8th Cir. 1988)(granting EAJA application when remand had been based on "the government's failure, contrary to clearly established Circuit precedent, to evaluate all the evidence concerning the claimant's subjective complaints of non-exertional impairments and to fully develop the record"); Trundle v. Bowen, 830 F.2d 807, 810 (8th Cir. 1987) (finding that the Commissioner's position was not substantially justified when the ALJ failed to follow the directives that were outlined in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)).

In sum, by failing to develop the Record so as to determine whether the Plaintiff suffered from a mental disability, the ALJ ignored significant evidence in the Record,

which supported the existence of such a mental impairment, and overlooked a fundamental duty to assure that the Record was sufficiently developed so as to assure that the Plaintiff's subjective complaints were competently assessed in light of the available opinions of treating medical source providers. As a result, we conclude that the Commissioner has not satisfied his burden of establishing that his position was "substantially justified," and we recommend that the Plaintiff's Motion for Attorney Fees be granted.

    2. <u>Reasonable Attorney's Fees</u>. Under the EAJA, an award of attorney's fees should be reasonable, and should be based upon the prevailing market rate for the kind and quality of the services furnished, with the proviso that a fee should not exceed $125.00 per hour, unless the Court determines that an increase in the cost-of-living, or some other special factor, justifies a higher fee. See, <u>Title 28 U.S.C. §2412(d)(2)(A)</u>. Here, counsel for the Plaintiff has represented that the hourly rate of $125.00 is reasonable, and we find no reason to disagree.

 The Government objects to the request of the Plaintiff's counsel, that he be reimbursed for hours expended on administrative and clerical tasks, such as filing, and the service of documents. We agree, for purely clerical tasks are not compensable as attorney fees, or expenses, under the EAJA. See, <u>Granville House, Inc. v. Dept. of</u>

Health, Education and Welfare, 813 F.2d 881, 884 (8th Cir. 1987); Knudsen v. Barnhart, 360 F. Supp.2d 963, 977 (N.D. Iowa 2004). Therefore, we decline to award fees for the 1.4 hours claimed, on December 21, 2005, and the .8 hours claimed, on April 4, 2006, for purely clerical tasks. We have recalculated the hours submitted by the Plaintiff's counsel, so as to omit the 2.2 hours employed in clerical tasks, and find that the appropriate number of hours, for which counsel is entitled to fees, totals 33.6 hours.

Therefore, multiplying the appropriate number of hours -- here, 33.6 hours -- by a reasonable hourly fee of $125.00 -- which the Commissioner does not expressly contest -- produces an appropriate fee award of $4,200.00, and we recommend that the Petition of the Plaintiff be granted in that total amount.[5]

---

[5]Under the EAJA, any award of attorney fees and expenses is to be paid to the prevailing party, and not to that party's attorney. See, Title 28 U.S.C. §2412(d)(1)(A); United States v. McPeck, 910 F.2d 509, 513 (8th Cir. 1990). As we have before us no evidence of a valid assignment of an award under the EAJA, we will direct payment to the Plaintiff, and not to his counsel.

Since the Plaintiff has not had a final adjudication as to his claim for benefits, we cannot now require an offset of any awarded EAJA fees, from those owing on account of a back pay award. If such an offset is due, we are confident that counsel for the Plaintiff, who has substantial experience in such matters, can assure that the Congressional intendment, that EAJA fees should minimize the litigation costs of the claimant, will be honored. See, Ross v. Douglas County, Nebraska, 244 F.3d 620, 622
(continued...)

NOW, THEREFORE, It is --

RECOMMENDED:

1.　That the Plaintiff's Motion for an Award of EAJA Fees [Docket No. 17] be granted.

2.　That pursuant to the Equal Access to Justice Act, that a total of $4,200.00, in costs and attorney's fees, be awarded to the Plaintiff.

Dated: May 23, 2007　　　　　　　　　　　　　s/Raymond L. Erickson
　　　　　　　　　　　　　　　　　　　　　　　　Raymond L. Erickson
　　　　　　　　　　　　　　　　　　　　　　　　CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 11, 2006,** a writing which specifically identifies those portions of the Report to which

---

　　[5](...continued)
(8th Cir. 2001), citing Talbott v. Bowen, 832 F.2d 111 (8th Cir. 1987).

objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 11, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.